# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREW JARAMILLO,<br>TDCJ # 1465178,<br><br>      Petitioner<br><br>v.<br><br>RICK THALER,<br>Texas Department of Criminal Justice<br>Correctional Institutions Division Director,<br><br>      Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No. SA-10-CA-774-XR |

## DISMISSAL ORDER

Andrew Jaramillo has filed a 28 U.S.C. § 2254 habeas corpus petition (Docket Entry No. 1). Petitioner challenges his confinement pursuant to a conviction and fifteen-year sentence for aggravated robbery in cause number 2006-CR-0759 in the 175th District Court of Bexar County, Texas. Petitioner contends he received ineffective assistance of trial counsel, because counsel allowed the victim to make conflicting statements, resulting in the victim not being able to positively identify Petitioner. Petitioner also claims the arresting officer admitted that vital parts of his report were not prepared by him. Petitioner asserts the lead detective admitted to placing Petitioner in a lineup without telling Petitioner he could refuse and without informing Petitioner about having an attorney present. Respondent has filed a motion to dismiss the petition as barred by the statute of limitations (Docket Entry No. 14).

Title 28 U.S.C. § 2244 states in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Based on Petitioner's grounds for relief, § 2244(d)(1)(A) applies.

Petitioner was sentenced in cause number 2006-CR-00759 on October 5, 2007. The judgment was affirmed on appeal. *Jaramillo v. State*, No. 04-07-701-CR (Tex. App. — San Antonio June 18, 2008).

On July 16, 2008, Petitioner filed a petition for discretionary review (PDR). However, on October 1, 2008, the Texas Court of Criminal Appeals issued an order striking the PDR pursuant to Tex. R. App. P. 68.6 because it was not accompanied by eleven copies, as required by Tex. R. App. P. 9.3(b), and because it did not contain a copy of the court of appeals's opinion, as required by Tex. R. App. P. 68.4(i). *Jaramillo v. State*, No. PD 1302-08 (Tex. Crim. App. October 1, 2008). The order gave Petitioner the opportunity to file a redrawn PDR with copies within thirty days after the date of the order, making a PDR due October 31, 2008. Petitioner did not file another PDR. On January 23, 2009, the court of criminal appeals sent a postcard to the clerk of the court of appeals stating that the PDR has been struck. The postcard stated "Final Ruling."

On September 25, 2008, Petitioner filed a state habeas corpus application pursuant to Tex. Code Crim. Proc. art. 11.07. On November 5, 2008, the court of criminal appeals dismissed the

habeas corpus application because a direct appeal was pending. *Ex parte Jaramillo*, No. WR-70,905-01 (Tex. Crim. App. November 5, 2008). Petitioner filed another state habeas corpus application on May 17, 2010. On August 25, 2010, the court of criminal appeals denied that second application without written order on the trial court's findings. *Ex parte Jaramillo*, No. WR-70,905-02 (Tex. Crim. App. August 25, 2010).

Petitioner's § 2254 petition was filed on September 20, 2010, but Petitioner stated he placed it in the prison mailing system on September 16, 2010. Respondent does not dispute Petitioner's statement, and the § 2254 petition is considered filed on September 16, 2010, pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("a pro se prisoner's [federal] habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing").

Respondent argues that Petitioner's judgment of conviction became final on January 23, 2009, the date on which the court of criminal appeals struck Petitioner's PDR. However, the court of criminal appeals struck the PDR on October 1, 2008, and gave Petitioner thirty days, through October 31, 2008, to file a redrawn PDR. The court of criminal appeals sent a postcard to the court of appeals on January 23, 2009, informing the clerk of that court that Petitioner's PDR had been struck. The postcard stated "Final Ruling." It appears the postcard served as notice to the clerk of the court of appeals pursuant to Tex. R. App. P. 69.4(a) that the striking or dismissal of the PDR was a final ruling, meaning the court of criminal appeals acted on the PDR and the time had expired for Petitioner to seek further action from the court of criminal appeals, so that the court of appeals could then issue the mandate pursuant to Tex. R. App. P. 18.1. Thus, it appears the PDR was struck on October 1, 2008, and the last day on which Petitioner could have filed a redrawn PDR was October 31, 2008. The time for further direct review ended when the time expired for filing a PDR, and the

last day to timely file a § 2254 petition was October 31, 2009, unless the limitations period was statutorily tolled. Nevertheless, even if the January 23, 2009, date were used, the § 2254 petition is untimely.

Respondent argues Petitioner is not entitled to have the time for filing a petition for writ of certiorari included in determining the finality date of the judgment of conviction, because the PDR was struck or dismissed. But even if the ninety-day period for filing a petition for writ of certiorari were included, the § 2254 petition is untimely.

Adding ninety days to January 23, 2009, would make April 23, 2009, the due date for a petition for writ of certiorari. Petitioner did not file a petition for writ of certiorari. Therefore, a § 2254 petition was due no later than April 23, 2009, unless Petitioner had a properly filed application for State post-conviction or other collateral review to toll the running of the limitations period. § 2244(d)(2); *see Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

The limitations period is tolled, however, for the time during which a "properly filed" state habeas application challenging the same conviction is pending. § 2244(d)(2). In Texas, when a judgment of conviction has been appealed, the court of criminal appeals does not have jurisdiction to consider a state habeas corpus application that is filed before the appellate court issues its mandate. *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). Petitioner filed a state application for writ of habeas corpus, but it was dismissed because his direct appeal was pending when he filed it. *Ex parte Jaramillo*, No. WR-70,905-01 (Tex. Crim. App. November 5, 2008). Because that first state habeas corpus application was filed prematurely, it was not properly filed and it did not toll the limitations period. *Larry v. Dretke*, 361 F.3d at 894-95.

The second habeas corpus application, *Ex parte Jaramillo*, No. WR-70,905-02, was not filed until May 17, 2010. The one-year statute of limitations for filing a § 2254 had already expired by

then, so that state habeas corpus application did not toll the AEDPA limitations period. Petitioner's § 2254 petition, deemed to have been filed September 16, 2010, is untimely.

The one-year limitations period can be equitably tolled in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000). A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *Felder v. Johnson*, 204 F.3d at 171-72. A claim of innocence and a claim that the conviction was a miscarriage of justice are not bases for equitable tolling. The "miscarriage of justice" exception applies to State procedural defaults, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), but it is not an exception to the statute of limitations in this Circuit. *See Fierro v. Cockrell*, 294 F. 3d 674, 683 n.17 (5th Cir. 2002). A claim of actual innocence does not excuse a late petition and does not warrant equitable tolling of the limitations period. *Cousins v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). "[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (brackets in *Riggs*)).

Petitioner has filed a motion (Docket Entry No. 16) to delay any judgment to dismiss the § 2254 petition until Petitioner can present an affidavit to show that the order for petitioner to re-file his PDR was mailed. Petitioner does not explain why such an affidavit would affect his AEDPA limitations period. The fact that the court of criminal appeals's order was mailed does not affect Petitioner's one-year AEDPA limitations period. Petitioner also points out that the state habeas court suspended the time limitations of Tex. Code Crim. Proc. art. 11.07. However, the action by the state

court involved the time limitations under the state statute for the trial court to act on and forward the state habeas corpus application. The state habeas court's action had nothing to do with the AEDPA statute of limitations. The AEDPA limitations period had already expired before the state habeas corpus application was filed. Petitioner's motion to delay judgment (Docket Entry No. 16) is **DENIED**. Petitioner has not shown he is entitled to statutory or equitable tolling.

Accordingly, Respondent's motion to dismiss (Docket Entry No. 14) is **GRANTED**, Petitioner's § 2254 petition is **DENIED**, and this case is **DISMISSED** as barred by the statute of limitations. All other pending motions are **DENIED**.

For the reasons set out in this Dismissal Order, Petitioner fails to make "a substantial showing of the denial of a federal right" as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also* Rules Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts Rule 11(a). Also for the same reasons, Petitioner does not have a "good faith" non-frivolous issue for appeal as required for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner is **DENIED** a certificate of appealability and **DENIED** leave to proceed in forma pauperis on appeal.

It is so ORDERED.

SIGNED this 3rd day of August, 2011.

   XAVIER RODRIGUEZ
  UNITED STATES DISTRICT JUDGE